Luz E. RODRIGUEZ–MORALES, Plaintiff, Appellant,

v.

The VETERANS ADMINISTRATION, et al., Defendants, Appellees.

No. 90–1745.

United States Court of Appeals, First Circuit.

Submitted Jan. 11, 1991.

Decided May 2, 1991.

Antonio Bauza Torres, on brief for plaintiff, appellant.

Fidel A. Sevillano del Rio, Asst. U.S. Atty., and Daniel F. Lopez Romo, U.S. Atty., on brief for defendant, appellee United States.

Before BREYER, Chief Judge,
CAMPBELL, Circuit Judge, and
CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

Plaintiff, Luz E. Rodriguez Morales, brought this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, against the Veterans Administration ("V.A."). The district court conducted a bench trial on the matter and found that plaintiff failed to prove that her termination was due to age discrimination. The court found that the V.A. had articulated legitimate, non-discriminatory reasons for its decision not to promote and its decision, ultimately, to terminate the plaintiff's employment. Furthermore, the court found that the plaintiff failed to carry her burden of establishing that these reasons were pretextual. Plaintiff challenges on appeal several of the district court's findings of fact. After carefully reviewing the record and the appellant's arguments, we find that the plaintiff has failed to demonstrate that the district court's factual findings are clearly erroneous, and therefore affirm.

I.

A summary of the relevant district court's findings of fact are as follows. The plaintiff, Luz Rodriguez Morales, was, at the time she filed this suit, a Full Staff Nurse at the V.A. Hospital in San Juan, Puerto Rico. She had been employed by the federal government for 21 years before she voluntarily retired from active service on October 20, 1987, when she met the age requirement for retirement purposes. Plaintiff on several occasions applied for a promotion from a Full Grade to an Intermediate Grade Nurse, but the Professional Standards Board determined that she did not meet the non-educational performance requirements necessary for such a promotion. On October 3, 1986, the Board again refused to recommend a promotion because the plaintiff did not meet the qualification standards for the Intermediate Grade position. Specifically, the Board found that the plaintiff failed to demonstrate an ability in clinical, managerial, instructional, or research skills as required by the written Nurse V.A. Qualification Standards, dated May 18, 1983.

On March 23, 1987, while a patient was being operated on at the V.A. Hospital's operating room, a sponge count incident occurred which involved the plaintiff. At the time of the incident, the plaintiff held the position of circulating nurse of the operating room, and, as such, she was responsible for the sponge and needle count. During the surgical procedure, a laparotomy tape was left inside the patient's peritoneal cavity. As a result, it was necessary to prolong the general anesthesia and to reopen the incision to extract the tape. Investigations revealed that the plaintiff did not carry out the first sponge count at the time of the closure of the cavity, as required by the Sponge and Needle Count Policy Memorandum No. 118–86–02, dated July 25, 1986. As a result of the plaintiff's alleged violation of this procedure required by the Sponge Count Memorandum, pursuant to the terms of the V.A.'s policy, she was transferred from the operating room to another ward within the hospital.

After this incident, in April 1987, the plaintiff informed her supervisors that she was sick and would not be reporting to work. The plaintiff alleges that her medical records were sent to the hospital. Plaintiff's supervisors, however, stated that she failed properly to submit the corresponding evidence to substantiate her absence. As a result of these allegedly unexcused absences, the plaintiff was placed on an absent-without-leave status and was terminated from her employment at the V.A., effective May 30, 1987.

* Of the District of Massachusetts, sitting by designation.

On October 19, 1987, the plaintiff filed the necessary paperwork for voluntary retirement. With the Union's assistance, the plaintiff negotiated with the V.A. for the withdrawal of the Separation of Employment Letter, which was placed in the plaintiff's personnel file upon termination, to allow her to be eligible for retirement benefits. These negotiations resulted in the V.A. crediting the plaintiff with time from May 31, 1987 through October 20, 1987, for retirement purposes. The V.A. also withdrew the Separation of Employment Letter, thereby permitting her to retire, effective October 20, 1987. This agreement also settled the grievance proceeding previously initiated by the plaintiff against the V.A.

The plaintiff then filed suit in federal court alleging age discrimination. To demonstrate age bias against her, the plaintiff presented evidence that her supervisor, Mrs. Feliciano, had made derogatory remarks regarding her age. The plaintiff also presented evidence that, after she was transferred from the operating room, a younger nurse replaced her.

After a two day non-jury trial which involved the testimony of several witnesses and numerous exhibits, the district court entered its findings of fact and conclusions of law. The court found that the plaintiff failed to provide sufficient evidence to establish that the reasons given by the V.A. were pretextual. The plaintiff argues on appeal that several of the trial court's findings of fact are clearly erroneous.

## II.

On appeal, it is well-established that we must review the district court's finding of facts under a "clearly erroneous" standard pursuant to Fed.R.Civ.P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Cumpiano v. Banco Santander Puerto Rico*, 902 F.2d 148, 152 (1st Cir.1990); *Jackson v. Harvard Univ.*, 900 F.2d 464, 466 (1st Cir.1990). Rule 52(a) provides that "[f]indings of fact, whether based on oral or documentary evidence,

shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Under this standard, we must affirm the trial court's findings of fact unless our review of the entire evidence leaves us "with a definite and firm conviction that a mistake has been committed." *United States Gypsum*, 333 U.S. at 395, 68 S.Ct. at 542. Moreover, a reviewing court may not reverse the findings of the district court simply because it is convinced that it would have decided the case differently. *Anderson*, 470 U.S. at 573–74, 105 S.Ct. at 1511–12; *Cumpiano*, 902 F.2d at 152. Where there are two permissible views of the evidence, the interpretation assigned by the fact-finder must be adopted. *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511. Additionally, when factual findings are based on determinations regarding the credibility of witnesses, Rule 52 demands that the appeals court accord even greater deference to the trial court's findings. *See Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511; *Cumpiano*, 902 F.2d at 152; *Jackson*, 900 F.2d at 466.

A finding of intentional discrimination is included among the findings of fact governed by this standard. *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511; *Johnson v. Allyn & Bacon, Inc.*, 731 F.2d 64, 71 (1st Cir.) (sex discrimination), *cert. denied*, 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984); *Manning v. Trustees of Tufts College*, 613 F.2d 1200, 1203 (1st Cir.1980) (same). Thus, we will not upset the district court's findings of fact or conclusions drawn therefrom, if its account of the evidence is plausible in light of the record as a whole.

We now turn to an application of this standard to each of the plaintiff's arguments on appeal. We will deal with each of the plaintiff's claims separately. First, the plaintiff contends that the district court erred in its finding that the plaintiff was not promoted from a Full Grade to an Intermediate Grade Nurse because she did not meet the V.A. Qualification Standards for the position. The terms of the V.A. Qualifications, however, require the appli-

cant to demonstrate an ability in one of the following skill areas: clinical, managerial, instructional, or research skills. *See* DM & S Supp. MP–5, Part II, Chapter 2, Change 38, Appendix 2E, dated May 18, 1983. Although conflicting testimony was offered at trial on this issue, the district court accepted as valid the testimony of Mrs. Feliciano, and the supporting letter dated October 3, 1986, from the Professional Standards Board, that the plaintiff was not promoted to Intermediate Grade because she did not have the requisite experience pursuant to the terms of the V.A. Qualifications. We find no clear error, as the district court's view of the evidence is entirely plausible and supported by the record.

Second, the plaintiff argues that the district court erred in its finding that the plaintiff violated the V.A.'s Sponge and Needle Count Policy. The plaintiff contends that she did not violate the V.A.'s policy because the incision was not actually closed before she performed the sponge count. The evidence at trial revealed, however, that the surgeon had already closed the wound before the plaintiff made the sponge count. Even the plaintiff testified on cross-examination that the surgeon was required to reopen the wound to remove a small piece of tape inside the patient's cavity. Thus, based on the record, the district court's finding that the plaintiff violated the V.A.'s Sponge and Needle Count Policy is not clearly erroneous.

Third, the plaintiff contends that the district court erred in finding that the plaintiff failed to properly notify the V.A. of her absence from work which resulted in her being placed on absent-without-leave status. Mrs. Gotierrez, the V.A.'s personnel officer, however, testified at great length that the plaintiff did not request leave during her absence, and did not respond to the V.A.'s letters as to why she did not come to work, and therefore, she was placed on absent-without-leave status on May 30, 1987. Although the plaintiff may have testified to the contrary, it was Mrs. Gotierrez's testimony that the court accepted. The plaintiff asks us to substitute our credibility determination for that of the trier of

fact. This we may not do. Nothing in the record convinces us that the district court's determination is clearly erroneous.

Fourth, the plaintiff contends that the district court erred in its finding that the grievance filed by the plaintiff was settled, and that the plaintiff succeeded through her union representative in removing the Separation from Employment Letter from her employment file. Based on the evidence presented at trial, it is undisputed that the grievance filed by the plaintiff was resolved and that the Separation of Employment Letter was actually removed from plaintiff's file. In light of this evidence, the inferences drawn by the trial court that the grievance was "settled" and that the plaintiff "succeeded" in the removal of the Letter were permissible and are not clearly erroneous.

Finally, the plaintiff argues that the district court erred in its determination that the plaintiff failed to establish that the reasons articulated by the V.A. were a pretext for illegal discrimination. The prohibitory language of the ADEA is almost identical to that of Title VII; and courts have relied on Title VII precedent in interpreting comparable ADEA provisions. *See Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). Under both ADEA and Title VII, the ultimate "factual inquiry" to be decided by the trial court is whether "the defendant intentionally discriminated against the plaintiff." *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) (quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)). Under the test adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1972), after the defendant articulates a non-discriminating reason, the plaintiff has the burden of showing that the proffered reason was a pretext for an underlying discriminatory purpose and that it "was not the true reason for the employment decision." *See Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095;

**984**

*Herbert v. Mohawk Rubber Co.*, 872 F.2d 1104, 1111 (1st Cir.1989). In a case involving age discrimination, the trial court must evaluate all of the evidence before it, and then decide which party's explanation of the employer's motivation it believes.

Here, in its finding that the plaintiff failed to meet her burden, the trial judge concluded that "the promotion incident, the sponge count incident and finally, the absent-without-leave incident, were management decisions from where no discrimination animus can be found against the defendant." A review of the evidence presented at trial supports the district court's finding that the plaintiff failed to establish that the V.A.'s action constituted discrimination based on age. The district court was faced with conflicting evidence regarding each of the incidents complained of by the plaintiff. The V.A., however, provided evidence to explain each of the plaintiff's concerns. A reasonable fact finder in this case could conclude that the actions taken by the V.A. regarding the promotion incident, the sponge-count incident, and the absent-without-leave incident were all valid management decisions based solely on the plaintiff's qualifications and work record. After a careful review of the record we are not "left with a definite and firm conviction that a mistake has been committed," and thus, we rule that the district court's determination that the plaintiff failed to meet her burden of demonstrating age discrimination is not clearly erroneous.

For the reasons stated above, the district court's judgment is therefore *affirmed.*