**UNITED STATES of America**

**v.**

**A CERTAIN PARCEL OF LAND, MOULTONBORO.**

No. C-91-391-L.

United States District Court, D. New Hampshire.

Jan. 8, 1992.

---

Charles R. Parrott, Nutter, McClennen & Fish, Boston, Mass., for Holland Real Estate and Cynthia and Francis Holland.

Michael Gunnison, Asst. U.S. Atty., Concord, N.H., for U.S.

## ORDER

LOUGHLIN, Senior District Judge.

This is an action in rem for the civil forfeiture of a parcel of real estate located in Moultonboro, New Hampshire. The government contends that this property is forfeitable civilly under 18 U.S.C. § 981(a)(1)(A) because a portion of the funds used to purchase the land was in-

volved in a transaction or transactions in violation of 31 U.S.C. §§ 5313(a) and 5324.

*Factual Background*

The factual allegations in support of the government's application for issuance of a warrant to seize and forfeit the defendant property are set out in the complaint by the attached affidavit of James F. John, Special Agent with the U.S. Treasury Department, Internal Revenue Service, Criminal Investigation Division.

Agent John stated that the Meredith Village Savings Bank contacted him on May 10, 1991 and June 26, 1991 and gave him information detailing numerous cash deposits by Century 21/Keewaydin Properties, Center Harbor, New Hampshire from March 30, 1991 through May 18, 1991. Plaintiff alleges that the pattern of deposits indicated an attempt to cause the bank to fail to file a currency transaction report (CTR) as required by law.

Agent John contacted James Mardis, the manager of Century 21/Keewaydin Properties who informed him that the company had received the money from Francis and Cynthia Holland of Belmont, Massachusetts. This money was received as part deposit and payment of a $235,000.00 three acre lot in Moultonboro (defendant property). Paragraph 11 of Agent John's affidavit sets forth in detail the cash payments made by the Hollands to Century 21/Keewaydin Properties, Inc. totalling $130,000.00.

On September 10, 1991, this court authorized the issuance of a warrant to seize the defendant property pursuant to 28 U.S.C. Rule E(4)(b), Supplemental Rules for Certain Admiralty and Maritime claims.

On November 25, 1991 Francis and Cynthia Holland individually, and Cynthia Holland, on behalf of the Holland Real Estate Investment Trust made claims of ownership to the defendant property. (docs. no. 9–11).

Before the court is claimant's motion to dismiss the complaint or to stay all proceedings (doc. no. 12) and plaintiff's objection thereto.

*Discussion*

## I. Dismissal

In considering a motion to dismiss, the Court follows the established requirement that "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." *Chasan v. Village Dist. of Eastman,* 572 F.Supp. 578, 579 (D.N.H.1983) (citations omitted), aff'd without opinion, 745 F.2d 43 (1st Cir.1984). In reviewing motions to dismiss, the Court's focus is limited to the allegations contained in the complaint itself. *Litton Indus. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). However, if matters outside the pleadings are presented to the court, the court may treat the motion as one for summary judgment. A motion to dismiss is one of limited inquiry. The standard for granting a motion to dismiss is not the likelihood of success on the merits, but is whether plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Claimants move for dismissal of this action alleging that application of 31 U.S.C. § 5324 (Supp.1991) to them is too attenuated to warrant forfeiture of the defendant property. They argue that once they made any payments to Century 21/Keewaydin Properties, they had no control over the amounts of or frequency of deposits made by Century 21/Keewaydin Properties at the Meredith Village Savings bank. They argue that if any attempt was made to cause the bank to fail to file a CTR that attempt was made by Century 21/Keewaydin Properties. The government asserts that there is no merit to the argument that property is exempt from forfeiture if the individuals who devise the structuring scheme use a third party to make deposits.

31 U.S.C. § 5313(a) requires financial institutions to report to the IRS any currency transaction of $10,000 or more by submitting a Currency Transaction Report (CTR). 31 U.S.C. § 5324 prohibits individuals from structuring currency transactions to evade

the CTR reporting requirement. 18 U.S.C. § 981(a)(1)(A) (Supp.1991) provides the mechanism by which the government can first seize and later bring an action for the forfeiture of property involved in a transaction which violates section 5313(a) or section 5234 of Title 31. Criminal violations of section 5324 are prosecuted under 31 U.S.C. § 5322 (Supp.1991) which imposes criminal sanctions for "willful" violations of the statute.

 To establish forfeitability under 18 U.S.C. § 981(a)(1)(A) the government has the initial burden of establishing probable cause for forfeiture, which entails a showing of "reasonable grounds rising above the level of mere suspicion, to believe that certain property is subject to forfeiture." *United States v. Premises and Real Property at 4492 South Livonia Road,* 889 F.2d 1258, 1267 (2d Cir.1989). In an in rem action it is sufficient to show that the currency to be forfeited is traceable to the statutory violation, which in this case is a violation of 31 U.S.C. § 5324. The burden then shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture. *See United States v. One Parcel of Real Property,* 942 F.2d 74 (1st Cir.1991).

The government has met its burden demonstrating probable cause to believe the property is subject to forfeiture under 18 U.S.C. § 981 and 31 U.S.C. § 5324. The United States has submitted evidence detailing the Hollands' numerous deposits with Century 21/Keewaydin Properties of amounts of currency under $10,000.00 which were used as partial payment for defendant property. *See* Affidavit of Agent Johns attached to Complaint.

Claimants also argue that dismissal is warranted because under this court's holding in *U.S. v. Aversa,* 762 F.Supp. 441 (D.N.H.1991) the prosecution must show that the defendant had a specific intent to violate the law. They argue that this requires proof that the defendant knew both that he had a legal duty not to structure a transaction, and that structuring itself is a criminal act. *Id.* at 447–448. Claimants

reliance on the *Aversa* decision is misplaced. In *Aversa* the court was concerned with the term "wilfully" in section 5322 which has always required an *extra* showing from the government. "It modifies 'violates' thereby making knowledge of the reporting requirement an additional element the government must prove to secure a criminal conviction." 762 F.Supp. at 445–446. The government is not presently charging the Hollands with violating section 5322. In deciding this motion to dismiss the inquiry is limited to deciding whether or not seizure of the defendant property was based on probable cause. A determination of whether or not the Hollands have violated section 5322 is unnecessary at this juncture.

Upon a review of the material facts as alleged in the complaint in the light most favorable to the plaintiff, the court finds that claimants' motion to dismiss must be denied.

## II. Stay

 Plaintiffs also request that should the court find dismissal inappropriate, the court exercise its discretion to stay this civil action for a period of one year so that the government's ongoing criminal investigation of the claimants may be completed. They argue that if forced to satisfy their burden of proof in this civil action, they will waive their Fifth Amendment privileges. They also argue that the interrogatories which the government has served in this action are overbroad, unduly burdensome and seek information which is neither relevant nor material to any issue raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

 "A [district] court has the discretion to stay civil proceedings, postpone civil discovery or impose protective orders 'when the interests of justice seem[ ] to require such action, sometimes at the request of the prosecution, ... sometimes at the request of the defense[.]'" *Afro–Lecon, Inc. v. U.S.,* 820 F.2d 1198, 1202 (Fed.Cir.1987) (quoting *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770, n. 27, 25

L.Ed.2d 1 (1970) (citations omitted)). The decision of whether to issue a stay depends on the particular circumstances of the case. *Id.* At times prompt investigation of both the civil and criminal claims are necessary to the public interest. *Kordel,* 397 U.S. at 11, 90 S.Ct. at 769.

The government asserts that there is no active criminal investigation currently underway by the IRS against the Hollands. Moreover they state that should any related investigation be pursued, it would be assigned to an agent other than Agent John, the case agent for this civil forfeiture action.

The government argues that the court can adequately protect claimants' rights by entering a protective order under Rule 26, Fed.R.Civ.P. The government requests that the court enter a protective order or schedule a hearing before the United States Magistrate Judge to address all discovery matters.

■ Courts should endeavor to accommodate the claimant's fifth amendment rights in forfeiture proceedings. *United States v. Parcels of Land,* 903 F.2d 36, 44 (1st Cir.1990). "Even if the forfeiture would genuinely prejudice the claimant's fifth amendment rights, the court should not dismiss the forfeiture but should seek alternative means of accommodating both the claimant's rights and the government's interest in the forfeiture." *United States v. $250,000,* 808 F.2d 895, 901 (1st Cir.1987).

The government, relying on *Parcels of Land, supra,* and *United States v. 38 Hobbs Road,* Civ. No. 89–137–L (D.N.H. March 21, 1991), argues that a protective order would adequately protect claimant's Fifth Amendment rights. However, in the *Parcels of Land,* seizure of the claimant's property was based on detailed information from DEA agents and other law enforcement officers that the property constituted proceeds of drug trafficking. Similarly, in the *Hobbs Road* case, the government had information from a confidential informant that the forfeited property was used to facilitate the illegal distribution of narcotics and marijuana. The court also notes that in the *Hobbs Road* case, prior to entry

of the protective order, the in rem action was stayed pending claimant's indictment.

In this case the forfeiture action was brought because the defendant property was purchased with money that is alleged to be traceable to violations of sections 5313(a) and 5324. The only allegation that the money claimants used to purchase defendant property was procured through illegal activity is Agent John's statement, "I know that individuals involved in criminal activities frequently generate large amounts of cash from these criminal activities. One common method used to avoid the detection of illegally derived income is structuring." *See* Affidavit attached to complaint at paragraph 4.

The court finds that a stay of discovery is warranted at this time. "The broad scope of civil discovery may present to both the prosecution, and at times the criminal defendant, an irresistible temptation to use that discovery to one's advantage in the criminal case, such as when the civil party, who asserts fifth amendment rights, is compelled to refuse to answer questions individually, revealing his weak points to the criminal prosecutor.... This point-by-point review of the civil case may lead to a "link in the chain of evidence that unconstitutionally contributes to the defendant's conviction." *Afro–Lecon,* 820 F.2d at 1203 (quoting *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)).

■ A Rule 26(c) protective order no matter how broad its reach, may be overturned or modified and does not guarantee that evidence obtained through civil discovery will not "somehow find its way into the government's hands for use in a subsequent criminal prosecution." *Andover Data Services v. Statistical Tabulating Corp.,* 876 F.2d 1080, 1083 (2d Cir.1989). While a stay ... may cause some inconvenience and delay to the government, protection of claimant's rights against self-incrimination is the more important consideration. *Brock v. Tolkow,* 109 F.R.D. 116, 121 (E.D.N.Y.1985) (citation omitted). Moreover the Government can always move to vacate the stay if a change in circum-

stances makes this appropriate. *Id.* Granting this stay creates no serious harm to the public interest.

Claimants motion (doc. no. 12) is granted in part and denied in part. The action will be stayed for a period of one year.