USCA1 Opinion

 

 January 18, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1452 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ONE URBAN LOT LOCATED AT ROAD 143 K 36.1 BAUTA ABAJO WARD OROCOVIS, PR., ET AL., Defendant, Appellee, _____________________ ELVIN TORRES-COLON, Claimant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Jose R. Franco-Rivera for appellant. _____________________ Jose F. Blanco-Torres, Assistant United States Attorney, with _______________________ whom Charles E. Fitzwilliam, United States Attorney, was on brief for ______________________ appellee. ____________________ ____________________ COFFIN, Senior Circuit Judge. Elvis Torres Colon appeals ____________________ from a judgment of the United States District Court for the District of Puerto Rico granting forfeiture to the government of real property he owned. After reviewing the record, we affirm. I. Background __________ In March 1992, the United States initiated a forfeiture action against defendant property, One Urban Lot located at Road 143 K. 36.1 Bauta Abajo Ward, Orocovis, Puerto Rico, under 21 U.S.C. 881(a)(6), (a)(7) and 18 U.S.C. 981(a)(1)(A).1 The government alleged that this property had been used by claimant Torres Colon as a meeting place to discuss an illegal drug distribution scheme and that he bought it with proceeds traceable to his drug transactions for the purpose of laundering the money.2 Torres Colon subsequently was prosecuted for his alleged involvement in the drug distribution scheme. On January 20, 1993, a jury acquitted him of all criminal charges. Nine days later, a bench trial was held in the civil forfeiture action against the defendant property. In this case, ____________________ 121 U.S.C. 881(a)(6) and (a)(7) are part of the Comprehensive Drug Abuse Control and Prevention Act, and provide for forfeiture to the government of property connected with illegal drug transactions. 18 U.S.C. 981(a)(1)(A) is part of the Money Laundering Control Act, and also provides for forfeiture of property traceable to money laundering transactions. 2Torres Colon was alleged to have participated in three separate schemes with one or two partners whereby one of the partners would order controlled substances through legitimate drug wholesalers in Miami, Florida, sometimes using fraudulent registration certificates from the federal Drug Enforcement Administration, and Torres Colon would resell these drugs in New Jersey and Pennsylvania. -2- the district court found that between 1989 and 1991, Torres Colon was involved in three illegal drug distribution schemes that brought in more than one million dollars in proceeds. Although he reported no income between 1986 and 1988, and less than $24,000 total income for 1989 and 1990, he managed to support a family with three small children, and, in 1990, to buy defendant property for more than $25,000. The court also found that during this period, Torres Colon made many bank deposits of several thousand dollars, and that the planning meeting for one of the drug distribution schemes took place at defendant property. Based on these findings, the court ordered that the property be forfeited to the government. Torres Colon contests this judgment on three grounds. He argues that defendant property was misidentified in the complaint, thus invalidating the court's judgment. He also claims that the district court erred in refusing to shift the burden of proof back to the government after his acquittal in the related criminal case. Finally, he challenges the district court's factual findings as unsupported, particularly to the extent that they rely on government witnesses whose testimony, he claims, was not credible. We consider these arguments in turn. II. Identification of the Property ______________________________ Torres Colon has pointed out for the first time on appeal that the government's complaint in this case contained descriptions of two different pieces of property. In the caption, the defendant property is identified as "One Urban Lot -3- Located at Road 143 K. 36.1 Bauta Abajo Ward, Orocovis, Puerto Rico." The description of the property in subpart (A), however, refers to an entirely different property, in a different city in Puerto Rico. Torres Colon argues that this discrepancy made it impossible for him to know which property was subject to forfeiture, and thus invalidates the forfeiture action. We first note that appellant waived this argument by failing to raise it in the court below. Poliquin v. Garden Way, Inc., ________ _________________ 989 F.2d 527, 531 (1st Cir. 1993). He may not raise it for the first time before this court, absent a showing that a grave miscarriage of justice would result. Id.; Johnston v. Holiday ___ ________ _______ Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979). He falls far __________ short of meeting this standard. Indeed, even were this claim properly before us, Torres Colon's contention that the government failed to identify the forfeited property with sufficient particularity would fail. Admiralty Rule C(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, applicable to both forfeiture statutes, sets forth the level of detail required in describing the property subject to forfeiture.3 21 U.S.C. 881(b); 18 U.S.C. 981(b)(2); United States v. Approximately 2,538.85 ______________ _______________________ Shares of Stock, 988 F.2d 1281, 1283 (1st Cir. 1993). This rule _______________ provides that a complaint "shall describe with reasonable ____________________ 3The Federal Rules of Civil Procedure apply to interstitial matters or where Admiralty Rules are silent. In the event of a conflict, the Admiralty Rules control. 384-390 West Broadway, ______________________ 964 F.2d at 1247 n.4. -4- particularity the property that is the subject of the action." The complaint should achieve a "meaningful level of detail" in its description, which is sufficient to put the claimant on notice that his property is at risk of forfeiture. 384-390 West ____________ Broadway, 964 F.2d at 1248. ________ Despite the mismatch between the property identified in the caption and the description that appears in subpart (A), we are confident that no significant confusion occurred. The complaint consistently refers to the defendant property as that located at the address in Orocovis, Puerto Rico, pointing to this particular property as that used to facilitate the commission of particular violations of the drug and money laundering laws, and bought with the proceeds of illegal drug trafficking activities. Following each complete description of the Orocovis address, the complaint refers indirectly to the description in subpart (A) as "Defendant A in caption." Such abbreviated reference does not override the government's clear focus on the Orocovis property. It seems inescapable to us, therefore, that Torres Colon was on notice that this particular property was at risk of forfeiture. We note, in addition, that Torres Colon's own actions support this conclusion. For example, in his answer to the forfeiture complaint, Torres Colon affirmed that he had a "real and personal property interest" in the property at Road 143 K. 36.1 Bauta Abajo Ward, Orocovis, Puerto Rico, and had forfeited the contents of the residence at this address. Also, the -5- government successfully served notice on both appellant and the defendant property at this address. -6- III. Shift in the Burden of Proof ____________________________ In forfeiture actions brought pursuant to 21 U.S.C. 881(a) and 18 U.S.C. 981, the allocation of the parties' burdens of proof is provided by the customs laws. See 21 U.S.C. 881(d) ___ (incorporating procedures for customs forfeitures); 18 U.S.C. 981(d) (same); 19 U.S.C. 1615 (codifying customs forfeiture procedures); United States v. Parcels of Property Located at 255 _____________ __________________________________ Broadway, Hanover, No. 92-1776, slip op. at 2 (1st Cir. Nov. 24, _________________ 1993). Under these rules, the government has the initial burden of demonstrating probable cause to believe that the property was used for a specified illegal purpose. Id. at 2-3; United States ___ _____________ v. A Certain Parcel of Land, Moultonboro, 781 F. Supp. 830, 833 ______________________________________ (D.N.H. 1992). Once the government has made this showing, the burden shifts to the claimant to show, by a preponderance of the evidence, "that the property was not used in violation of the statute or that it was so used without the owners' knowledge or consent." United States v. Parcel of Land & Residence at 28 _____________ __________________________________ Emery Street, 914 F.2d 1, 3 (1st Cir. 1990); see also _____________ ___ ____ Moultonboro, 781 F. Supp. at 833.4 On December 28, 1992, the ___________ district court granted the government's pre-trial motion to shift the burden of proof to the claimant to defend his property. ____________________ 4The statutory burden shifting procedures stack the deck heavily in favor of the government. To show probable cause to forfeit, the government need demonstrate only a "reasonable ground for belief of guilt[,] supported by less than prima facie proof but more than mere suspicion" that the property is subject to forfeiture. 28 Emery Street, 914 F.2d at 3 (quoting United _______________ _______ ______ States v. $250,000 in United States Currency, 808 F.2d 895, 897 ______ ___________________________________ (1st Cir. 1987)). The claimant, by contrast, must establish a defense to forfeiture by a preponderance of the evidence. Id. ___ -7- Following his later acquittal in the related criminal case, Torres Colon asked the district court to reshift the burden of proof in the forfeiture trial back to the government. He claims that the court erred in refusing to do so. While his argument is facially appealing, it has no basis in law. Torres Colon argues, in essence, that his acquittal in the criminal case established a presumption that the property was not used to facilitate a criminal venture, and therefore, that the district court was required to shift back to the government the burden of proving that the property was used for a specified illegal purpose. Section 881 and 981 forfeitures are, however, civil in nature, and the burden of proof differs from that in criminal trials. An acquittal in the criminal charge at issue represents a determination that the proof was not sufficient to overcome all reasonable doubt against the accused, while in the civil case, the government needs only to meet the much lighter probable cause burden prescribed by statute. See United States ___ _____________ v. One Parcel of Real Property Known as Plat 20, Lot 17, Great ______________________________________________________________ Harbor Neck, New Shoreham, Rhode Island, 960 F.2d 200, 205 (1st ________________________________________ Cir. 1992) (noting government's "relatively light burden" to show probable cause). The outcome of related criminal proceedings against Torres Colon therefore does not affect the probable cause determination, or the burden shifting, in the civil forfeiture trial. See, e.g., United States v. Land and Bldg. at 2 Burditt ___ ____ _____________ ____________________________ Street, 924 F.2d 383, 385-86 (1st Cir. 1991). ______ -8- IV. The District Court's Factual Findings _____________________________________ Torres Colon also challenges the district court's factual findings as unsupported by credible evidence. His primary claim is that the district court erred in relying on the testimony of government witnesses regarding his participation in the alleged drug diversion scheme, and the relationship of defendant property to this scheme. Torres Colon contends that much of this testimony was not believable, and was contradicted by other witnesses. We review the district court's findings of facts in a bench trial only for clear error. Fed. R. Civ. P. 52(a); Dedham Water ____________ Co. v. Cumberland Farms Dairy, 972 F.2d 453, 457 (1st Cir. 1992). ___ ______________________ Under this standard, we must affirm the district court unless, after reviewing the entire record, this court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 ______________ _________________________ (1948). When the record evidence supports conflicting inferences, the district court's choice from among them cannot be clearly erroneous. Cumberland Farms, 972 F.2d at 462. __________________ Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the district court. Rodriguez-Morales v. _________________ Veterans' Administration, 931 F.2d 980, 982 (1st Cir. 1991). ________________________ Our review of the record finds ample support for the district court's factual findings. The district court was entitled to believe witness testimony that established that -9- Torres Colon participated in illegal drug distribution schemes involving more than one million dollars of drugs; that he received a substantial portion of the proceeds from the sale of these drugs; and that he purchased defendant property with cash. The district court also was entitled to believe witness testimony that the planning meeting for one of the drug distribution schemes took place at defendant property, notwithstanding the competing testimony of another witness that this meeting took place at a restaurant in another town. In addition, the evidence that Torres Colon bought defendant property at a time when he had three dependent children and little legitimate income, together with evidence that he received substantial illegal drug proceeds, supports the lower court's conclusion that it was reasonable to believe that defendant property was bought with profits from his drug transactions. V. Torres Colon's Post-Argument Motion ___________________________________ Two weeks after oral argument in this case, Torres Colon filed a pro se motion in which he argued that he did not buy the defendant property in February 1990, as the district court found, but nine months later, on September 11, 1990. He attached a copy of the deed as proof of this claim. At trial, the government put into evidence a registry certificate which established a February 7, 1990 purchase date for defendant property. From our review of the record, it appears that that certificate applies to the property erroneously described in subpart (A) of the complaint. It therefore appears -10- that the deed provided by Torres Colon with his post-argument motion accurately reflects a September purchase date for defendant property. This discrepancy does not strengthen Torres Colon's position on appeal, however. At trial, both parties proceeded on the assumption that defendant property, and not the property described in subpart (A) of the complaint, was the property subject to forfeiture. Thus, neither the incorrect description in subpart (A), nor the use of the wrong registry certificate, caused any significant confusion. As noted above, in his answer to the forfeiture complaint, Torres Colon affirmed that he had a "real and personal property interest" in the property at Road 143 K. 36.1 Bauta Abajo Ward, Orocovis, Puerto Rico, and had forfeited the contents of the residence at this address. Nor did Torres Colon object at trial that defendant property was not the one purchased on February 7, 1990. In addition, the evidence at trial amply supported forfeiture of defendant property, regardless of when it was purchased. The evidence showed that between 1989 and 1991, Torres Colon and his partners handled illegal drugs whose street value was more than one million dollars, and that Torres Colon received a disproportionately large share of these proceeds. Other evidence revealed that Torres Colon's total reported income for 1989 and 1990 was less than $24,000. During this period, while also supporting a family with three small children, Torres Colon bought property for which he paid more than his reported -11- earnings. This proof fully supports the district court's finding of probable cause to believe that defendant property was bought with the proceeds of Torres Colon's illegal involvement in drug trafficking. Thus, even though the government introduced the wrong registry certificate at trial, no grave injustice was done in this case. The decision of the district court ordering forfeiture to ____________________________________________________________ the government of defendant property is therefore affirmed. ___________________________________________________________ -12-