**Salvador SANTANA, Plaintiff**

**v.**

**U.S. TSUBAKI, INC., Defendant.**

**No. 3:93CV7609.**

United States District Court,
N.D. Ohio,
Western Division.

Jan. 23, 1995.

---

E. Winther McCroom, Breckenridge & McCroom, Youngstown, OH, for plaintiff.

Susan Ann Slaviero, Fuller & Henry, Toledo, OH, Marc R. Jacobs, D'Ancona & Pflaum, Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge:

■ This cause is before the Court on defendant's unopposed motion for summary judgment on all of plaintiff's claims.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* [477 U.S. 242, 251] 106 S.Ct. 2505, 2512 [91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* [475 U.S. 574, 586–87] 106 S.Ct. 1348, 1356–57 [89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962)).

*Ralph Shrader, Inc. v. Diamond International Corp.,* 833 F.2d 1210, 1213 (6th Cir. 1987).

*Matsushita* demands only that the nonmoving party's inferences be reasonable in order to reach the jury, a requirement that was not invented, but merely articulated in that decision. If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted.

*Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 467, 112 S.Ct. 2072, 2083, 119 L.Ed.2d 265 (1992) (footnote omitted).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 324–325, 106 S.Ct. at 2553–2554. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." ... Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

For the purposes of this order, the undisputed facts are as follows. Plaintiff is one of approximately eight Hispanics employed by defendant. Plaintiff filed this Title VII complaint alleging that defendant violated plain-

tiff's civil rights by disciplining him in a different manner than white employees. This disciplinary action included suspensions without pay and plaintiff's eventual termination. Defendant argues that the disciplinary actions were warranted by plaintiff's manifold violations of defendant's attendance policy.

In 1990, defendant issued its "Rules for Personal Conduct" which established company rules regarding absenteeism and a "progressive" system of discipline. For continued violations, the disciplinary actions moved from verbal warnings to suspensions to termination. An employee is subject to termination after thirteen absences and/or twenty tardiness violations during a twelve month period.

In the one year prior to his discharge, plaintiff was absent or tardy on thirty-two separate occasions.[1] According to Robert Hastings, defendant's production manager, plaintiff had the worst attendance record of any employee at defendant's Sandusky facility.

In response, defendant's management imposed successive levels of discipline as called for by company policy. On June 22, 1990, plaintiff received a verbal warning after being absent or leaving work early on three days in a one-week period. On November 1, 1990, defendant's management issued a written warning to plaintiff because he had eighteen more violations, including twelve during September and October. This warning stated that plaintiff would be subject to further discipline if his attendance did not improve.

Plaintiff was suspended without pay for three days on December 3, 1990, because he had been absent once and tardy five times since his November warning. Defendant suspended plaintiff again for five days on January 28, 1991, after being tardy three days that week. Though at that point plaintiff had accumulated enough violations to be terminated according to company policy, defendant did not terminate him. On April 11, 1991, defendant changed plaintiff's reporting time from 6:00 A.M. to 9:00 A.M. to make it

easier for him to report on time. At that time, plaintiff was warned that any further tardiness would lead to termination.

■ On May 29, 1991, plaintiff reported to work forty-two minutes late. His only excuse was that he had been riding a motorcycle with a friend. Defendant suspended plaintiff pending a final decision on his status. On June 10, 1991, defendant terminated plaintiff. Plaintiff may establish his case by presenting direct evidence of disparate treatment or by the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), formula. Plaintiff presented no direct evidence which the Court can consider that establishes a contested fact that defendant disciplined plaintiff in a different manner than white employees.

■ Under *McDonnell Douglas,* plaintiff may initially establish a prima facie case of discrimination by showing: (1) he was a member of a protected class; (2) he was subject to an adverse employment action or was discharged; (3) he was qualified for the position; and, (4) he was replaced by a person outside of the protected class. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Assuming arguendo that plaintiff is a member of a protected class, it is evident that he suffered an adverse employment action when he was terminated.

■ Plaintiff, however, fails to establish the third part of his prima facie case, because he does not show that he was qualified for the position. In order to show that he was qualified, plaintiff must "prove that he was performing his job at a level which met his employer's legitimate expectations." *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir.1990), *quoting Huhn v. Koehring,* 718 F.2d 239, 243 (7th Cir.1983). In light of defendant's numerous steps to correct plaintiff's attendance problem and plaintiff's failure to specify any disparate treatment of white employees with similar attendance records, plaintiff cannot show that he was performing up to defendant's ex-

---

**1.** This statement of the facts is based on the uncontroverted affidavit of Robert Hastings and defendant's requests for admissions which were

deemed admitted, pursuant to Fed.R.Civ.P. 36, after plaintiff failed to respond to them within the appropriate time. (Def's.Exs. C and A).

pectations. *See Union Camp Corp.*, 898 F.2d at 1162. *See also,* with regard to pretext, *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1114 (7th Cir.1992) (employer justified in terminating an employee who was absent from work for three days and who did not give an explanation for absence until return); *Rodriguez–Morales v. Veteran's Admin.*, 931 F.2d 980 (1st Cir.1991).

Plaintiff further fails to establish the fourth part of his prima facie case in that he does not show that he was replaced by a member of an unprotected class. Accordingly, plaintiff fails to demonstrate a prima facie case, and summary judgment is appropriate.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion for summary judgment be, and hereby is, GRANTED.